UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MARSHALL BATCHELOR** | **CIVIL ACTION NO. 07-1623** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WARDEN BURL CAIN** | **MAG. JUDGE KAREN L. HAYES** |

# RULING

Pending before the Court is a Motion for Stay [Doc. No. 74] filed by Defendant Warden Burl Cain on August 13, 2010. Defendant moves the Court to stay execution of its August 9, 2010 Judgment [Doc. No. 73] conditionally granting Petitioner Marshall Batchelor's ("Batchelor") Petition for Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254. In its Judgment, the Court ordered that Batchelor's conviction be vacated and set aside and that he be released from custody based on that conviction unless the State of Louisiana granted him a new trial within 120 days from the date the Judgment was signed. Instead, the State asks that the Court stay its judgment pending the outcome of the State's appeal to the United States Court of Appeals for the Fifth Circuit. On September 7, 2010, with leave of Court, Batchelor filed a brief in opposition to the stay. For the following reasons, the Motion for Stay is GRANTED, and the Court's August 9, 2010 Judgment is STAYED pending the outcome of the State's appeal.

Federal Rule 23(c) of the Federal Rules of Appellate Procedure provides:

> **(c)    Release Pending Review of Decision Ordering Release**. While a decision ordering the release of a prisoner is under review, the prisoner must--unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise--be released on personal recognizance, with or without surety.

F ED. R. A PP. P. 23(C). "Rule 23(c) . . . creates a rebuttable presumption that a prisoner who has

received habeas relief will be released pending appeal." *Woodfox v. Cain*, 305 Fed. App'x 179, 181, 2008 WL 5211280, at *1 (5th Cir. Dec. 12, 2008). "However, this presumption can be overcome if the traditional factors regulating the issuance of a stay weigh in favor of granting a stay." *O'Brien v. O'Laughlin*, 130 S. Ct. 5, 6 (2009).

The traditional factors are set forth in *Hilton v. Braunskill*, 481 U.S. 770 (1987):

(1)   whether the stay applicant (the State in this case) has made a strong showing that it is likely to succeed on the merits;

(2)   whether the applicant (State) will be irreparably injured absent a stay;

(3)   whether issuance of the stay will substantially injure the other parties (Batchelor) interested in the proceeding; and

(4)   where the public interest lies.

*Id.* at 776. However, the Supreme Court made clear that the *Hilton* factors are not exclusive:

[I]f the State establishes that there is a risk that the prisoner will pose a danger to the public if released, the court may take that factor into consideration in determining whether or not to enlarge him. The State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal is also a factor to be considered; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served.

*Id*. at 778.

Further, even if the State cannot make the typical showing on the first factor of "likelihood of success on the merits," the "prisoner should remain in custody if the State can 'demonstrate a substantial case on the merits' and the other factors militate against release." *Woodfox*, 305 Fed. App'x at 181 (quoting *Hilton*, 481 U.S. at 778 and citing *O'Bryan v. Estelle*, 691 F.2d 706, 708 (5th Cir. 1982); *Ruiz v. Estelle*, 650 F.2d 555, 565-66 (5th Cir. 1981)).

In this case, the Court finds that the State has at least shown that it presents a substantial case on the merits. Therefore, the Court must review the remaining factors.

The Supreme Court has instructed that the interest of a successful habeas petitioner in being released pending appeal is "always substantial." *Hilton*, 481 U.S. at 777. Thus, as a matter of law, the third *Hilton* factor weighs in favor of denying the stay.

However, "the State has a strong interest in continuing custody where there is a long period left on the prisoner's sentence." *Woodfox*, 305 Fed. App'x at 182. Batchelor was sentenced to serve sixty (60) years in 2000. Therefore, the State's interest in continuing custody should be given substantial weight because Batchelor has such a long period remaining on his sentence. Additionally, while the public has an interest in ensuring that all criminal defendants are guaranteed a trial free of constitutional defects, the Court must also consider danger to the community. In ruling on Batchelor's *habeas* Petition, this Court specifically found that the evidence at trial was sufficient to convict Batchelor of an armed robbery which caused great bodily harm to the victim. *See* [Doc. No. 72, p. 13]. Although Batchelor is entitled to a new trial on the basis of the denial of the right to self-representation, the Court cannot say that he is the victim of an otherwise wrongful conviction.

Accordingly, after weighing all the facts and circumstances in this matter, the Court finds that the presumption of release has been rebutted, and the State's Motion for Stay [Doc. No. 74] is GRANTED.

MONROE, LOUISIANA, this 14th day of September, 2010.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE